**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CATHERINE DEFUSO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-507** |
| **v.** | : | **(JUDGE MANNION)** |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | | |
| **COMPANY,** | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Pending before the court is the defendant's motion to partially dismiss the plaintiff's complaint. (Doc. 8). Based upon the court's review of the motion and related materials, the defendant's motion will be granted in part and denied in part.

By way of relevant procedural background, the plaintiff filed the instant action on March 22, 2021. Defendant filed the instant motion on May 14, 2021 (Doc. 8), followed by a supporting brief on May 28, 2021 (Doc. 11). Plaintiff filed a brief in opposition to the defendant's motion on June 11, 2021. (Doc. 14). On June 26, 2021, the defendant filed a reply brief. (Doc. 17).

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can

be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

Accepting the facts alleged in the plaintiff's complaint as true, as the court must do on a motion to dismiss, the plaintiff sustained serious injuries on December 10, 2015, when her vehicle was struck from behind by another vehicle while she was stopped at a stop sign. At the time of the incident, the

plaintiff was insured under a policy of insurance issued by the defendant which provided stacked underinsured motorist coverage ("UIM") in the amount of $50,000. The at-fault vehicle was insured with Allstate Insurance Company ("Allstate") for $100,000.

On April 11, 2019, plaintiff notified defendant of her UIM claim. Subsequently, on April 15, 2019, plaintiff requested consent to settle the third party action with Allstate. The following day, plaintiff gave consent for defendant to review her first party medical file. On April 27, 2019, defendant consented to settlement and waived subrogation with regard to the claim against Allstate.

On July 31, 2019, plaintiff provided medical records to defendant relating to the injuries she sustained in the incident, as well as past relevant medical records, and demanded the policy limits to settle the UIM claim. On August 20, 2019, defendant's adjuster confirmed resolution of the claim was pending review of the medical records. On October 2, 2019, the same adjuster indicated that she was unaware that plaintiff had submitted the aforementioned medical records or made a demand. Plaintiff was advised that the adjuster would submit the claim for settlement authority and follow up with plaintiff in two weeks.

On November 22, 2019, defendant requested a statement from plaintiff. A statement under oath was scheduled for December 12, 2019, but was cancelled by the defendant on December 11, 2019. The statement was rescheduled for January 10, 2020, but again cancelled by defendant on January 6, 2020.

A statement under oath was ultimately conducted on February 21, 2020. While it was indicated at that time that an adjuster could be reached to discuss settlement that same day, it wasn't until July 24, 2020 that defendant requested an insurance medical examination ("IME") as part of its investigation. The plaintiff was scheduled for an IME for September 10, 2020. On December 22, 2020, defendant responded to plaintiff's July 31, 2019 settlement demand by offering $7,500.

Based upon the foregoing, the plaintiff alleges breach of contract (Count I), bad faith (Count II), and violation of the Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL") (Count III). In the pending motion, defendant seeks to dismiss the bad faith and UTPCPL claims.

As to the bad faith claim, defendant argues that, at most, plaintiff disagrees with the valuation of her claim, which may set forth a claim for breach of contract, but does not set forth a claim for bad faith.

- 5 -

The Pennsylvania Legislature promulgated 42 Pa.C.S.A. §8371 to create a statutory remedy for bad faith conduct by insurers in denying benefits or handling claims, allowing courts to award plaintiffs interest, punitive damages, and court costs and attorneys' fees. *See Terletsky v. Prudential & Casualty Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994). In the insurance context, the term "bad faith" concerns "any frivolous or unfounded refusal to pay proceeds of policy." *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007) (quoting Black's Law Dictionary 139 (6th ed. 1990)). Allegations of a defendant insurer's "mere negligence or bad judgment" will not suffice to state a claim, *id.*; nor does an insurer "act in bad faith by investigating and litigating legitimate issues of coverage." *Simon Wrecking Company, Inc. v. AIU Ins. Co.*, 530 F.Supp.2d 706, 717 (E.D. Pa. 2008) (quoting *Hyde Athletic Industries, Inc. v. Continental Cas. Co.*, 969 F.Supp. 289, 307 (E.D. Pa. 1997)). To establish an insurer's bad faith, a plaintiff must demonstrate by clear and convincing evidence that (1) the insurer lacked a reasonable basis for denying the benefits under the policy and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005). Bad faith claims are very fact specific and dependent upon the actions of the insurer toward the insured in each particular case. *See Amitia v. Nationwide Mutual*

*Ins. Co*., 2009 WL 111578, at *4 (M.D. Pa. Jan. 15, 2009) (Munley, J.) (citing

*Greene v. United Services Auto. Ass'n*, 936 A.2d 1178, 1188-89 (Pa. Super.

2007)).

The plaintiff alleges that the conduct of the defendant in the handling

of the UIM claim constitutes bad faith as defined under §8371 as follows:

a.) In failing to entirely and appropriately evaluate and investigate Plaintiffs' claim;

b.) In failing to promptly resolve Plaintiff's claims for amount within the policy limits;

c.) In failing to adopt reasonable standards with a complete investigation of Plaintiff's claim arising under the policies and in failing to completely investigate;

d.) In refusing to pay the claim without conducting a reasonable investigation based upon all available information;

e.) In failing to attempt in good faith to provide a fair and equitable settlement of this claim in particular and claims in general in which the company's liability has become reasonably clear;

f.) In compelling Plaintiff, in particular, and persons in general to institute litigation to recover amounts rightfully due under the policy;

g.) By offering substantially less than the amounts due and ultimately recoverable in actions brought by such litigation;

h.) In failing to promptly request a sworn statement;

i.) In failing to promptly request a defense medical examination;

j.) In failing to promptly and fairly evaluate this claim and make an offer corresponding thereto;

k.) In failing to set a timely proper reserve for this claim so as to allow fair and equitable settlement in a prompt and timely manner;

l.) In failing to comply with State promulgated insurance regulations in the adjustment of claims and communications with plaintiff;

m.) Unreasonably under valuing the loss;

n.) In undertraining and overworking its adjusters so as to unreasonably delay the investigation of claims and require the

involvement of outside assistance of litigation counsel to perform claims personnel responsibilities; and

o.) In unreasonably relying upon litigation counsel to investigate claims in which insured's are fully cooperating and thereby creating an adversarial nature to a claim for benefits for which its insured has contracted and paid for.

(Doc. 1, pp. 4-5).

Similar allegations to those set forth by the plaintiff in the instant action have been found to survive at the motion to dismiss stage. *See Ross v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 13344696, at *3 (M.D. Pa. Mar. 11, 2011) (citing *Amitia v. Nationwide Mutual Ins. Co.*, 2009 WL 111578 (M.D. Pa. Jan. 15, 2009)), *report and recommendation adopted*, 2011 WL 13344740 (M.D. Pa. Mar. 29, 2011). Taking the plaintiff's claims to be true, as they must be for purposes of a motion to dismiss, the court finds the plaintiff's allegations are sufficient to survive a motion to dismiss and, therefore, the defendant's motion to dismiss will be denied as to this claim.

With respect to the plaintiff's UTPCPL claim, plaintiff alleges that defendant held itself out as providing expertise in claim handling, focusing on quality and customer service and working with assurance to manage claims in a fair and timely manner. Plaintiff alleges that she relied on defendant's representation in purchasing her insurance policy. She alleges, however, that defendant's claims personnel lacked the training and/or resources to properly conduct a timely investigation of her claim resulting in

- 8 -

unreasonable delay. In its motion to dismiss, defendant argues that the plaintiff's UTPCPL allegations relate to the handling of her claim and that the UTPCPL applies only to the formation of insurance contracts, not to the insurer's handling of claims.

The UTPCPL is Pennsylvania's consumer protection law, the purpose of which is to prevent unfair or deceptive acts or practices in the conduct of business. *Grimes v. Enterprise Leasing Co. of Phila., LLC*, 66 A.3d 330, 335 (Pa.Super. 2013). The UTPCPL provides that:

> "(a) any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater."

73 P.S. § 201-9.2.

To bring a claim under the UTPCPL, the plaintiff must "show that [s]he justifiably relied on the defendant's wrongful conduct or representation and that [s]he suffered harm as a result of that reliance." *Grimes*, 66 A.3d at 335 (citing *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)). It is well-settled that an insurer's failure to pay benefits to an insured is nonfeasance, rather than malfeasance, and therefore not actionable under the UTPCPL. *Klinger v. State Farm Mut. Auto. Ins. Co.*, 895 F.Supp. 709,

717 (M.D.Pa. 1995) (citing *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 602 (Pa.Super. 1998)).

Here, plaintiff claims that she relied on defendant's holding itself out as "providing expertise in claim handling, focusing on quality and customer service and working with assurance to manage claims in a fair and timely manner." Plaintiff alleges she relied on defendant's representation in purchasing insurance from defendant. These allegations are merely a recitation of the elements of a claim for violation of the UTPCPL. They do not change the fact that the true crux of plaintiff's complaint is the allegedly untimely manner in which defendant has handled her claim. Indeed, the plaintiff alleges as to this claim that the defendant's personnel failed to "properly conduct a timely investigation of Plaintiff's claim resulting in unreasonable delay." But a claim for failure to act on an insurance claim in a timely manner is not actionable under the UTPCPL, as it is a claim for nonfeasance. *Klinger*, 895 F.Supp. at 718. Count III of plaintiff's complaint lacks sufficient allegations to support a claim for unfair trade practices. Therefore, defendant's motion will be granted as to this claim.

An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 21, 2022**
21-507-01